| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Lateefah Wooten |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern District of Michigan |
| Case number | 16-51263-mbm |

Official Form 410S1

# Notice of Mortgage Payment Change          12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** U.S. Bank Trust National Association, et al  
**Court claim no.** (if known): 1-1

**Last 4 digits** of any number you use to identify the debtor's account: 7 0 4 1

**Date of payment change:** Must be at least 21 days after date of this notice: 06/01/2019

**New total payment:** Principal, interest, and escrow, if any $ 1,673.37

## Part 1: Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?

    ☒ No  
    ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

    Current escrow payment: $ _____    New escrow payment: $ _____

## Part 2: Mortgage Payment Adjustment

2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?

    ☐ No  
    ☒ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: See attached

    Current interest rate: 4.000 %    New interest rate: 4.375 %

    Current principal and interest payment: $ 1,021.49    New principal and interest payment: $ 1,071.79

## Part 3: Other Payment Change

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?

    ☒ No  
    ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (*Court approval may be required before the payment change can take effect.*)

    Reason for change: _____

    Current mortgage payment: $ _____    New mortgage payment: $ _____

Official Form 410S1          Notice of Mortgage Payment Change          page 1

| Debtor 1 | Lateefah Wooten | | Case number (if known) 16-51263-mbm |
|---|---|---|---|
| | First Name  Middle Name  Last Name | | |

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ /s/ Trista Skaggs
Signature

Date 04/18/2019

Print: Trista M Skaggs
First Name  Middle Name  Last Name

Title: Bankruptcy Asset Manager

Company: SN Servicing Corporation

Address: 323  5th Street
Number  Street

Eureka  CA  95501
City  State  ZIP Code

Contact phone (800) 603 0836

Email bknotices@snsc.com

Print | Save As... | Add Attachment | Reset

Loan #:

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this ___26th___ day of ___August___, __2010__, between __Lateefah Wooten___ ("Borrower") and CitiMortgage, Inc. ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated ___March 31, 2006____ and recorded in Book or Liber _37463_____, at page(s) _12___, or Document No. _109644_, of the Recorder's Office of the Records of (Name of Records) __Oakland County, MI___ and (2) the Note, bearing the same date as, and secured by, the (County and State, or other Jurisdiction) Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at _24101 West Norwood Drive, Southfield, MI 48075 _, (Property Address) the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of ___9/1/2010__, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. $_____308,143.90 _____- consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $__55,000.00 _ of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $__253,143.90 ___. Interest at the rate of __2_% will begin to accrue on the Interest Bearing Principal Balance as of _____9/1/2010_____ and the first new monthly payment on the Interest Bearing Principal Balance will be due on ____10/1/2010_____. The new Maturity Date will be ___9/1/2050 ____. My payment schedule for the modified Loan is as follows until the loan reaches the Maturity Date when the initial balloon payment will become due and payable:

687188



Copy

## LOAN WORKOUT PLAN

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Amount* | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.000% | 09/01/2010 | $766.58 | $482.96, May adjust periodically | $1,249.54 May adjust periodically | 10/01/2010 | 60 |
| 6 | 3.000% | 09/01/2015 | $890.59 | May adjust periodically | May adjust periodically | 10/01/2015 | 12 |
| 7 | 4.000% | 09/01/2016 | $1,021.49 | May adjust periodically | May adjust periodically | 10/01/2016 | 12 |
| 8-term | 4.375% | 09/01/2017 | $1,071.79 | May adjust periodically | May adjust periodically | 10/01/2017 | 396 |

This loan is payable in full at maturity. You must repay the entire principal balance of the loan and unpaid interest then due. Lender is under no obligation to refinance the loan at that time. You will therefore be required to make payment out of other assets that you may own, or you will have to find a lender, which may be the lender you have this loan with, willing to lend you the money. If you refinance this loan at maturity, you may have to pay some or all of the closing costs normally associated with a new loan even if you obtain refinancing from the same lender.

3. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and the Security Instrument by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

6. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and



687189

Copy

## OPTIONAL PROVISIONS

**Optional Provisions:**

I represent that I received a discharge of personal liability in a Chapter 7 bankruptcy after the execution of the Loan Documents. Based on this representation, Lender agrees that I have no personal liability for the debt under the Loan Documents. However, I understand that my bankruptcy discharge of personal liability did not affect the Lender's lien on the Property. In other words, any right the Lender has under the Loan Documents and applicable law to foreclose on the Property if I am in default has not been discharged in bankruptcy. I accordingly understand that if I make no additional payments or otherwise default, the Lender could seek to foreclose on the Property but the Lender could not seek to hold me personally liable. I have chosen to execute this Agreement in order to have the option to make voluntary payments on the debt under the Loan Documents, as modified by the terms of this Agreement.

Add the following provision for MERS loans: Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the Loan has been registered with MERS who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the Loan Documents.

687191

Copy

**LOAN WORKOUT PLAN**

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

In Witness Whereof, the Lender and I have executed this Plan.

CitiMortgage, Inc.

By _____ /s/ Kevin Walker _____

10/20/10
Date

_____ /s/ Kevin Walker _____ 10/20/10
<<Mortgage Electronic Registration Systems, Inc.>>
<<Nominee for Lender>>

_____ /s/ Lateefah Wooten _____
<<Lateefah Wooten>>

9/4, 2010
Date

<< >>

_____
Date

_____
Name of Trust

_____
Trust Instrument Date

_____
Name of Borrower

citi

687190

Copy

### EXHIBIT A - LEGAL DESCRIPTION

Tax ID Number:

Land situated in the City of Southfield in the County of Oakland in the State of MI

A parcel of land being part of the Southeast 1/4 of Northeast 1/4 of Section 27, Town 1 North, Range 10 East, Southfield Township, Oakland County, Michigan, described as beginning at a point distant South 00 degrees 30 minutes West 2005.00 feet and North 89 degrees 16 minutes West 1188.00 feet and South 00 degrees 30 minutes West 165.00 feet from the Northeast corner Section 27; thence South 00 degrees 30 minutes West 165.00 feet from the Northeast corner Section 27; thence South 00 degrees 30 minutes West 165.00 feet along center line of West Norwood Drive (Private); thence North 89 degrees 16 minutes West 271.50 feet; thence North 00 degrees 36 minutes 50 seconds West 165.03 feet; thence South 89 degrees 16 minutes East 274.70 feet to the point of beginning.

Commonly known as: 24101 West Norwood Drive, Southfield, MI 48075

Michelle R. Ghidotti-Gonsalves, Esq. (SBN 27180)
GHIDOTTI | BERGER
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
mghidotti@ghidottiberger.com

Attorney for Creditor
US Bank Trust National Association, as Trustee of Chalet Series III Trust

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN - DETROIT DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 16-51263 |
| Lateefah Wooten, | CHAPTER 13 |
| Debtor. | **CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Avenue, Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On April 18, 2019 I served the following documents described as:

- **NOTICE OF MORTGAGE PAYMENT CHANGE**

1

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor** | **Debtor's Counsel** |
|---|---|
| Lateefah Wooten | Noel Aaron Cimmino |
| 24101 W. Norwood Dr. | 17515 West Nine Mile Rd. |
| Southfield, MI 48075 | Suite 420 |
| | Southfield, MI 48075 |
| **Trustee** | **John A. Steinberger** |
| David Wm Ruskin | 17515 W. 9 Mile Road |
| 26555 Evergreen Rd Ste 1100 | Suite 420 |
| Southfield, MI 48076-4251 | Southfield, MI 48075 |

__xx___ (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____ Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx_ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 18, 2019 at Santa Ana, California

*/s/ Lynette Curtin*
Lynette Curtin